Rena Sklar OPPENHEIM, Appellant,

v.

Robert H. FINCH, Secretary of Health, Education and Welfare (now Caspar Weinberger,) Appellee.

No. 73–1335.

United States Court of Appeals, Fourth Circuit.

Submitted May 18, 1973.

Decided April 19, 1974.

Rena Sklar Oppenheim, pro se.

George Beall, U. S. Atty. for appellee.

Before HAYNSWORTH, Chief Judge, and FIELD and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

This action was brought by the claimant, Rena Sklar Oppenheim, against the Secretary of Health, Education and Wel-

fare, pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Secretary denying her application for disability insurance benefits under §§ 216(i) and 223 of the Act, 42 U.S.C. §§ 416(i) and 423. On January 15, 1973, the district court entered an order affirming the Secretary's position, and this appeal followed. We vacate and remand for further inquiry.

■■ The standard of review in cases of this nature is prescribed in § 205(g) of the Act, 42 U.S.C. § 405(g), as follows: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Under the law, the Secretary, not the courts, is charged with reconciling inconsistencies in the evidence. Thus, if his findings are supported by substantial evidence, his decision must be upheld. E. g., Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962). The courts are not to try the case de novo. At the same time, they must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964).

■ The claimant filed an application for a period of disability and disability insurance benefits on July 25, 1967. Her primary complaints concern pain and stiffness of the right arm, which began in January, 1967, and bad vision; additional complaints include recurrent neck pain, toxemia, and uncontrollable bowel movements. She has also complained of headaches, confusion and nervousness since about April, 1967.

The record contains the reports of nine physicians who have examined the claimant on various occasions. Each report contains a statement of the objective medical findings made by the examining physician. After considering the record, the Appeals Council, on June 16, 1970, made a number of specific findings. Among them was the statement that "the claimant's impairments, individually and in combination, would not prevent her from performing light and sedentary work within the scope of her vocational training and experience." We find this assertion difficult to reconcile with Dr. Blum's conclusion that "any type of occupation might be quite difficult when it involves bookkeeping, and reading or clerical work of any sort."

When Dr. Blum, an ophthalmologist, examined the claimant, he found her vision to be 20/200 in each eye without glasses and only 20/80 with glasses. He also found that she was unable to use her eyes together properly because of a large strabismus.[1] These medical findings are neither disputed nor contradicted by other medical evidence. Indeed, Dr. Goldberg's earlier examination tends to corroborate Dr. Blum's evidence.

The Appeals Council discounted these medical findings with the observation that the claimant's congenital visual impairment did not prevent her from doing clerical work or operating an automobile. This court, however, considers the decision of the Appeals Council to have been without foundation when it substituted its opinion for that of the ophthalmologists.

On remand, the Secretary should conduct further inquiry[2] into Mrs. Oppenheim's eye condition with a view to determining her ability to perform sustained work of a clerical nature. Dr. Blum states such work would be "quite difficult." Accordingly, the scope of the inquiry should at least be directed toward determining the meaning of Dr. Blum's phrase, "quite difficult," in this context.

At the same time, the Secretary should consider that the objective medi-

---

1. A deviation of the eye that the patient cannot overcome in which the visual axes are not physiologically coordinated.

2. At the administrative hearing, this remand contemplates either side, of course, should be allowed to introduce all evidence touching the disability of the plaintiff.

**398**

cal facts in this record indicate the existence of a debilitating elbow condition which surgery has failed to cure; visual difficulties such as nearsightedness, strabismus, and congenital nystagmus; a sometimes severe gastrointestinal problem with a possibly psychogenic background; and recurrent neck pain, stemming from a 1961 auto accident, which occasionally necessitates use of traction and a cervical collar. The issue before the Appeals Council is not only the existence of these problems, but also their degree of severity, and whether, together, they impaired the claimant's "ability to engage in substantial gainful activity."

Despite its assertion to the contrary, the report of the Appeals Council tends to fractionalize the several ailments and to treat each in isolation. On remand, we wish the Secretary to consider whether the combination of medical problems, both chronic and acute, impair the claimant's "ability to engage in substantial gainful activity."

 Other than Dr. Blum's statement, the only opinion evidence on this point is that of Dr. Lister who reported that he considered the claimant "to be totally disabled from any form of gainful employment." This expert judgment is neither met nor contradicted by any other expert judgment. A physician's statement, of course, is not conclusive of the ultimate fact in issue, Mrs. Oppenheim's ability to engage in substantial gainful activity. It does, however, reflect Dr. Lister's opinion of the severity of the claimant's various impairments and her ability to adapt to them. Dr. Lister has treated Mrs. Oppenheim since 1956. As we noted in Vitek v. Finch, 438 F.2d 1157, 1160 (4th Cir. 1971), "[w]hile the Appeals Council is not bound by this assessment, this court has emphasized that the opinion of a claimant's treating physician is entitled to great weight, for it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Accord, Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962).

It is not sufficient for the Secretary to say, as here, that the claimant suffers several physical impairments yet can do "light and sedentary work within the scope of her vocational training and experience as an office manager, bookkeeper or office clerk." It must be shown medically that she can perform the physical activities those jobs require without serious aggravation to present physical impairment or to general health.

Remanded.