**ROCKINGHAM NATIONAL BANK, Administrator c.t.a. of the Estate of Edgar Wright Yancey, Deceased, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary, Health, Education and Welfare, Defendant.**

**Civ. A. No. 73-C-53-H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Sept. 3, 1974.

Phillip C. Stone, Wharton, Aldhizer & Weaver, Harrisonburg, Va., for plaintiff.

Paul R. Thomson, Jr., Asst. U. S. Atty., Roanoke, Va., for defendant.

### OPINION and JUDGMENT

DALTON, District Judge.

This case comes before this court pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare denying plaintiff's claim for inpatient hospital insurance benefits under section 1814 of the Act, 42 U.S.C. § 1395f, for treatment received at Rockingham Memorial Hospital, Harrisonburg, Virginia, from November 19, 1971 to January 15, 1972.

Edgar W. Yancey, the insured, was admitted to Rockingham Memorial Hospital, Harrisonburg, Virginia on September 2, 1971, apparently due to a stroke. He remained in Rockingham Memorial until his release on January 15, 1972. He died of cancer on July 10, 1972. On July 24, 1972, Rockingham National Bank qualified as Administrator c.t.a. of Mr. Yancey's estate and now prosecutes his claim.

The Social Security Administration initially ruled that benefits under the Health Insurance Program of the Act covered the period of hospitalization from September 2, 1971 through November 19, 1971 inclusive, but did not cover the period of November 20, 1971 through January 15, 1972. Benefits for the latter period were denied on the grounds that the treatment rendered during that period constituted "custodial care" and that the insured's medical condition did not require the extensive services of a hospital. The Administration's denial of benefits for this period was challenged before the Administrative Law Judge, who after a hearing on March 14, 1973 in Staunton, Virginia affirmed the rulings of the Social Security Administration in all respects.

This ruling was appealed to the Appeals Council which affirmed the decision and so notified the claimant by letter dated August 28, 1973. The decision of the Appeals Council constitutes a final decision of the Secretary and as such is reviewable by this court, 42 U.S.C. § 405(g). This action was properly commenced within sixty days of the decision of the Appeals Council. After careful review of all the evidence in this case, this court finds that the Secretary's decision is not supported by substantial evidence and must be reversed.

The evidence indicates the following: The insured was first admitted to Rockingham Memorial Hospital on September 2, 1971. He was then 76 years old with a history of heart disease. His condition at that time was diagnosed as left hemiplegia, ASCVD, and hypertension. (Tr. 111) Upon admission, the doctors ordered routine lab tests, Bxomide levels, EKG, bed rest, clear liquid diet, passive exercises, and enemas, PRN. Dalmane, HS, PRN, Socium Luminal, Garamycin, I.M., Mepergan for severe pain, Darvon compound for moderate pain, Modane as a laxative, and Geriplex FS liquid, *inter alia*, were all prescribed during insured's hospitalization. Following November 19, 1971, the Secretary's cut-off date for benefits, the nurses' notes indicate that the insured constantly experienced pain in his chest. (Tr. 72–85)

On November 22, insured experienced what he described as the worst pain ever in his chest. (Nurses' Notes, Tr. 74) On November 28, insured experienced paid radiating into his neck and left arm. (Nurses' Notes, Tr. 77). During the following days, this pain continued in his back, chest, and arms. (Nurses' Notes, Tr. 77–78) On or about November 29, 1971, the hospital called the family to the hospital because the insured had apparently suffered a heart attack. (Tr. 21) On December 14, 18, 19, 21, 22, and January 3, 4, 6, 11, insured complained about pain variously in his chest, arms, neck, stomach and head.

(Nurses' Notes, Tr. 85–99) On January 15, 1972, insured was released.

Claimant also introduced into evidence a letter dated March 22, 1972 from Dr. John Glick, insured's attending physician. Dr. Glick states that the long period of hospitalization was "needed . . . because of his continual improvement over this period of time, which let him go to an extended care facility in the form of a nursing home, able to walk with a cane, able to control his urine and able to care of his needs." He further states that "had he [insured] been discharged in the first several months of his hospitalization [he] would not have survived in a nursing home." (Tr. 135) Claimant further put into evidence the findings of the Utilization Committee for the hospital's facilities. That Committee reviewed the insured's presence at the hospital and found on November 23, December 3 and January 1 that discharge was not appropriate. (Tr. 126–130)

The scope of this court's review is limited to whether the Secretary's decision is supported by substantial evidence.

 In considering whether there is substantial evidence supporting a denial of benefits for the period November 20, 1971 to January 15, 1972, it is necessary to consider not only the nature of the treatment actually received by the insured, but the nature of his condition and whether his condition required the extended services provided by a full service hospital. Actual treatment is not the sole determinant of whether the insured received custodial care. Ridgely v. Secretary, 345 F.Supp. 983 (D.Md. 1972), aff'd, 475 F.2d 1222 (4th Cir. 1973); Harris v. Richardson, 357 F. Supp. 242 (E.D.Va.1973). From the evidence, it is clear that insured's hospitalization was medically justified after November 19, 1971. Although insured's condition was apparently improving, his condition required close monitoring. That insured's condition required inpa-

tient care is clear from Dr. Glick's letter and the severe chest pains the insured experienced subsequent to November 19. The Secretary, however, has chosen to discount that opinion of Dr. Glick because the doctor was in his opinion an interested witness. Although not conclusive of the ultimate fact in issue, Dr. Glick's opinion reflects the nature of Mr. Yancey's condition. While the Appeals Council is not bound by this assessment, the opinion of the insured's treating physician is entitled to great weight, for it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Vitek v. Finch, 438 F.2d 1157, 1160 (4th Cir. 1971); Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974); *Accord,* Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962). Such an opinion deserves particular deference in a case such as this where it is uncontradicted by any other medical opinion. *See, e.g.* Ridgely v. Secretary, *supra;* Brewerton v. Finch, 320 F.Supp. 68 (N.D.Miss.1970). That insured's hospitalization was medically necessary is further supported by the findings of the Utilization Committee that discharge was not appropriate. This opinion of the Utilization Committee is clearly entitled to some weight. *Harris, supra.*

In support of his decision, the Secretary points only to the following evidence:

1) By November 19, 1971, there was a "marked" improvement in insured's condition in that insured had the ability to ambulate with the aid of a four legged walker and with the assistance of an orderly or nurse.

2) A finding in the Utilization Committee report of November 23 that insured's hospital stay could have been shortened by studies by a social worker with reference to an extended care facility.

█ In light of the facts adduced by the claimant, including uncontradicted medical evidence and the Utilization Committee's reports subsequent to November 23, this evidence relied upon by the Secretary cannot substantially support his decision. It is therefore the judgment of this court that the claimant has carried his burden of proof and is entitled to reimbursement for hospital services rendered for the entire period September 2, 1971 through January 15, 1972. The decision of the Secretary denying the claim for benefits is reversed, and this case is hereby remanded to the Secretary for the payment of benefits to plaintiff.