**Harlis F. HAMILTON**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare.**

**Civ. A. No. 74–192–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

April 7, 1975.

William J. Sturgill, Norton, Va., for plaintiff.

Carr L. Kinder, Jr., Asst. U. S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

Plaintiff has instituted this action challenging the final decision of the Secretary of Health, Education and Welfare denying his claim for "black lung" benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C., Section 901 *et seq.* Jurisdiction is pursuant to Section 413(b) of the Act, 30 U.S.C., Section 923(b) which incorpo-rates Section 205(g) of the Social Security Act, 42 U.S.C., Section 405(g). The sole issue to be decided by this court is whether the Secretary's decision is supported by "substantial evidence," and if it is, this court must affirm.

Subjectively, plaintiff testified that he is not able to work due to his back, lungs, and heart. He coughs up black sputum and has trouble sleeping; twice a year he loses his voice for two or three months at a time. The plaintiff's wife, Mrs. Ida Jane Hamilton, testified that plaintiff coughs continuously and is short of breath. She also stated that he has trouble sleeping and does not work around the house. (Plaintiff now receives Social Security disability benefits because of chronic back sprain and schizophrenic reaction, paranoid type, chronic).

The medical evidence of record suggests that Mr. Hamilton suffers from simple pneumoconiosis. The most recent x-rays show questionable bronchitis, moderate bilateral pulmonary fibrosis, silicosis, emphysema, and simple pneumoconiosis type ½ p.

In order for plaintiff to establish his entitlement to benefits under the "Black Lung Act," he must show that he is a coal miner, that he is totally disabled due to pneumoconiosis, and that his pneumoconiosis arose out of employment in the nation's coal mines. 20 *C.F.R.*, Section 410.410(b). Subpart D of the Black Lung Benefits Regulations, 20 C.F.R., Section 410.401 *et seq.*, establishes the standards for determining whether a coal miner is totally disabled due to pneumoconiosis. Included in this Subpart are the statutory presumptions designed to aid the miner in proving his claim. For miners with many years of coal mine employment (ten or more), there is a presumption of total disability due to pneumoconiosis if certain medical criteria are met and presumption that the pneumoconiosis arose out of coal mine employment. *See* 20 C.F.R., Sections 410.414, 410.416, 410.490. There is also a presumption of total disability if

an x-ray establishes the existence of pneumoconiosis. Section 410.490(b)(1)(i). *See also* Section 410.428. Several x-rays show that he suffers from pneumoconiosis. (½ p.).

■ However, in order to take advantage of the presumption in Section 410.-490(b)(1)(i), plaintiff must also prove that his pneumoconiosis arose out of coal mine employment. As previously mentioned, there is a presumption that the miner contracted the disease in the mines *if* he has at least ten years coal mine work, but the Administrative law judge concluded that plaintiff had less than ten years employment and the court is of the opinion that this conclusion is adequately supported by the record. In this application, plaintiff stated that he had worked twelve or thirteen years as a miner, and at the hearing, he testified that his coal mine work still should amount to ten years even taking out all the time he was not in coal mining. Statements from former co-workers of the plaintiff indicated that they had worked with him in the mines for periods of time from 1951 to 1959 with various companies. Plaintiff's Social Security earnings record confirmed that he worked approximately six years as a miner on a sporadic basis from 1955 to 1962 and that he had worked four years in a rock quarry. In a Social Security disability interview dated September 15, 1965, he stated that he had worked six and one-half years as a coal miner and four years as a quarry worker. At the administrative hearing, he also testified that he was employed a total of six years in rock and sand quarry work.

Even though plaintiff might not receive the benefits of this presumption dealing with the origin of his disease, he may nevertheless submit evidence to establish that the pneumoconiosis arose out of employment in the nation's coal mines. However, on this issue plaintiff has failed to sustain his burden of proof. The medical evidence is somewhat conflicting as to the exact nature of Mr. Hamilton's lung disorder, in that, the x-ray reports variously described it as: bronchitis, pulmonary fibrosis, silicosis, black lung, emphysema, or pneumoconiosis. Furthermore, the record shows that the plaintiff did four years of rock quarry type work, and he testified that he worked for some six years in heavy rock dust and sand. This, of course, could be the source of his silicosis or lung condition; however, a lung condition derived from these sources is not compensable under the Federal Coal Mine Health and Safety Act. In any event, plaintiff's rock quarry experience casts considerable doubt on the contention that his black lung arose out of coal mine employment. Resolution of doubts is the duty of the Secretary, *Oppenheim v. Finch*, 495 F.2d 396 (4th Cir. 1974); and even though another conclusion might possibly be drawn from the evidence, this court must affirm the Secretary's conclusion if supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773 (4th Cir. 1972). While undoubtedly plaintiff is now disabled due to a combination of impairments, the court is constrained to conclude that he is not disabled because of black lung.

Accordingly, judgment is granted to the defendant.