Kelly C. **KEENE**

v.

Caspar **WEINBERGER, Secretary of Health, Education and Welfare.**

**Civ. A. No. 75–0012.**

United States District Court, W. D. Virginia, Abingdon Division.

Nov. 6, 1975.

**328**

James W. Harman, Jr., Tazewell, Va., for plaintiff.

Carr L. Kinder, Jr., Asst. U. S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

Plaintiff is appealing the final decision of the Secretary of Health, Education and Welfare denying his claim for black lung benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* Jurisdiction is pursuant to § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The only issue to be decided by this court is whether the Secretary's decision is supported by substantial evidence, and if it is, this court must affirm.

In order for plaintiff to establish his entitlement to benefits under the Act, he must show that he is a coal miner,[1] that he is "totally" disabled due to "pneumoconiosis," [2] and that his pneumoconiosis arose out of employment in the Nation's coal mines. 20 C.F.R. § 410.410(b). In an opinion adopted as the final decision of the Secretary, the Administrative Law Judge concedes that Mr. Keene has simple pneumoconiosis and that he would be presumed to be totally disabled *if* his pneumoconiosis arose out of coal mine employment. 20 C.F.R. § 410.490(b)(1)(2). The Administrative Law Judge decided that Mr. Keene's pneumoconiosis did not arise out of coal mine employment, and this court is constrained to conclude that the decision is supported by substantial evidence.

To aid miners in proving their claims, there is a presumption that the pneumoconiosis arose out of coal mine employment if the miner has ten years coal mine employment. 20 C.F.R. § 410.416 (a). Plaintiff is not entitled to this presumption. In his application, plaintiff

---

1. A coal miner is any individual who is working or has worked as an employee in a coal mine, performing functions in extracting the coal or preparing the coal so extracted. 20 C.F.R. § 410.110(j).
2. "Pneumoconiosis" is medically defined as a chronic disease of the lungs marked by an outgrowth of connective tissue (supporting tissue) and caused by the inhalation of large quantities of dust. 2 J. Schmidt, Attorneys' Dictionary of Medicine and Word Finder, p–116 (1975). The Act defines pneumoconiosis as a "chronic dust disease of the lung arising out of employment in an underground coal mine." 30 U.S.C. § 902(b). Furthermore, the Regulations define pneumoconiosis as:

(1) A chronic dust disease of the lung arising out of employment in the Nation's coal mines, and includes coal workers' pneumoconiosis anthracosilicosis, anthracosis, anthrosilicosis, massive pulmonary fibrosis, progressive massive fibrosis silicosis, or silicotuberculosis, arising out of such employment.

20 C.F.R. § 410.110(*o*).

stated that he worked in the mines five years from 1945 to 1949. The decision of the Administrative Law Judge in Mr. Keene's Social Security disability determination dated March 14, 1969 states that plaintiff's first coal mine employment was about 1948 or 1949 and that he worked about a year until he injured his back. Plaintiff's Social Security earnings record shows coal mine employment for parts of the years 1946–1949. (Total coal-related earnings—$2,464.18). In addition, plaintiff testified that his first coal mine job was in 1945 at Belcher Coal Company and that he worked there about a year.

Even though plaintiff is not entitled to the benefit of this presumption dealing with the origin of his disease, he may nevertheless submit evidence to establish that the pneumoconiosis could only have arisen of his coal mine employment. 20 C.F.R. § 410.416(b). Plaintiff left the mines in 1949 when he injured his back. He then went to Baltimore and worked for an aircraft factory for about a year until he joined the Marines. After his discharge from the Marine Corps, plaintiff then worked in bakeries in Baltimore, the first one for fifteen years and when it closed, he went to another bakery and worked there one and one half years until he was injured on the job. He then worked for a while as a painter (about six months). His employment also includes seven or eight days work using an electric buffer machine to buff brass trims for ships. The Administrative Law Judge concluded that Mr. Keene's pneumoconiosis did not arise from coal mine employment, but from his work in bakeries, as a painter, and as a buffer. While the evidence is in conflict as to the working conditions on the latter three jobs, there is substantial evidence to support the Secretary's overall conclusion.

Plaintiff's earnings record showed that he only worked in the mines during nine calendar quarters over a period of four years, and during five of those nine quarters he earned less than $100. His total earnings for all his coal mine employment amount to only $2,464.18. After he left the mines in 1949, plaintiff worked for more than fifteen years in bakeries. Plaintiff testified that the bakeries were air conditioned and that there was no dust, but his statements elsewhere in the record (exhibit 5) indicate that there was flour and sugar dust, and that the bakeries were not air conditioned. With reference to his painting job, plaintiff testified that he "just used the paint brush I never used no spray gun." However, the decision (exhibit 7) in Mr. Keene's 1969 Social Security disability determination states that claimant blames his respiratory problem on breathing fumes from spray paint. Furthermore, plaintiff worked as a buffer for a short while but quit because "the dust from the machine stopped up his throat until he couldn't swallow." (Exhibit 18). Also, there was a period of more than twenty years from the time he left the mines until the time when medical tests were made for the determination of pneumoconiosis. Finally, while Mr. Keene is now totally disabled, his disability award was not predicated upon any pulmonary impairment.

■ The nature of plaintiff's non-coal mine employment casts considerable doubt on the contention that his pneumoconiosis arose out of coal mine employment. *See Hamilton v. Weinberger,* C.A. No. 74–192–A (W.D.Va. April 7, 1975). Resolution of doubts is the duty of the Secretary, *Oppenheim v. Finch,* 495 F.2d 396 (4th Cir. 1974); and even though another conclusion might possibly be drawn from the evidence, this court must affirm the Secretary's conclusion if supported by substantial evidence. *Blalock v. Richardson,* 483 F.2d 773 (4th Cir. 1972). Accordingly, the Secretary's decision is hereby affirmed.