**Louise FORD, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary, Department of Health and Human Services, Defendant.**

**Civ. A. No. 81–0109.**

United States District Court, District of Columbia.

Sept. 30, 1981.

Herbert E. Bates, James T. Reilly, Washington, D. C., for plaintiff.

W. George Jameson, Sp. Asst. U. S. Atty., Washington, D. C., for defendant.

MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

This is an action under 42 U.S.C. § 405(g) in which the plaintiff asks the Court to order the defendant to provide her Social Security disability payments which she asserts were improperly denied, or in the alternative, to vacate the decision of the Administrative Law Judge in this case, affirmed by the Appeals Council of the Social Security Administration and thereby becoming a final decision of defendant, which denied the benefits, and to remand to the ALJ for further consideration. Plaintiff has moved for summary judgment asking

for a reversal of defendant's decision and an award of the benefits, and defendant has moved for judgment affirming the decision denying plaintiff's claim. For the reasons set forth below in this Memorandum Opinion, defendant's motion is denied, and, while the Court finds the undisputed facts to weigh in favor of plaintiff, her motion also is denied, in light of Court's remand of this case to defendant's Administrative Law Judge.

The following facts are not disputed. Plaintiff, a Social Security wage earner, applied to the Social Security Administration for disability benefits on April 28, 1978, asserting that she was disabled and had been disabled since January 13, 1977, the day she ceased her fifteen years of work as a dental assistant. Plaintiff alleged that the effects of multiple sclerosis left her unable to continue such work. Through June 30, 1978, plaintiff maintained "insured" status for Social Security disability benefits. Plaintiff was granted a hearing on her claim before an Administrative Law Judge (ALJ) on October 10, 1979, who issued a decision denying the claim on April 10, 1980. She requested the Social Security Appeals Council to review the ALJ's decision, and presented additional medical evidence to the Council which had not been available at the time of the hearing before the ALJ. By letter dated October 20, 1980, however, the Appeals Council refused to grant the request for review. In denying review, the Appeals Council considered the additional evidence, which included reports from two physicians who had examined plaintiff over a period of time beginning in 1977, and concluded that despite the additional submissions, "the preponderance of evidence now of record support[ed] the administrative law judge's decision." Plaintiff received no benefits during the administrative process, nor, it appears, to date.

It is clear that justice mandates that this additional evidence be considered and evaluated. In arriving at his decision denying

plaintiff the disability benefits, the ALJ, lacking additional medical data, was forced to rely essentially upon three medical reports: the July 26, 1977 report of Dr. J. Peter Murphy, a neurologist who had treated the plaintiff, the July 31, 1977 report of Suburban Hospital, which also treated plaintiff, and the report of Dr. Kristof Abraham, a neurologist who performed a brief examination of the plaintiff on August 4, 1978, upon request of the Social Security Administration. The record reflects that the ALJ awaited additional medical reports from the plaintiff's treating physicians as potentially useful toward gaining a fuller understanding of her condition, and, as a result, he and plaintiff's attorney made repeated, though futile, attempts to secure such reports. It is significant, and assuredly commendable, that the ALJ stayed his decision in the case (A. R. at 163) pending the receipt of further medical evaluations, which regrettably were not then forthcoming.

The new reports submitted by plaintiff to the Appeals Council included one from Dr. Murphy, whose July 1977 report had been considered by the ALJ, and one from Dr. Francis C. Mayle, who contributed to the July, 1977 report from Suburban Hospital.[1] Dr. Murphy noted in this new report, marked Exhibit AC–1, that information contained in the report would demonstrate that in July 1977 plaintiff in fact did have an "obvious case" of "classical multiple sclerosis with the usual disabling features," and which, in his opinion, was "moderately too severe [sic] and not a 'mild degree'." Dr. Mayle's report indicated that when evaluated in the summer of 1977 plaintiff was "moderately impaired and over the next several months became severely impaired," to the point of total disability, the doctor believed, when he last saw her.

This evidence, coming as it does from physicians who had treated plaintiff over a period of time and bearing directly on the

1. Also submitted was an affidavit of David L. Ford, plaintiff's husband, who contradicted several of the findings made by Dr. Abraham. However, Mr. Ford was available and did testify at plaintiff's hearing before the ALJ, and therefore the Court need not order consideration of this information, which could have been presented to the ALJ at the hearing.

issue of whether plaintiff was disabled during the period of her insurance coverage, is most significant and, had it been before the ALJ at the time of the hearing, might well have caused him to render his decision differently. These reports must now be considered by the ALJ in light of all evidence already evaluated by him in this matter. Upon remand of this case, the ALJ must determine what evidentiary weight these new submissions shall carry, ever mindful that the observations and opinions of a claimant's treating physician warrant great weight, as they reflect the physicians' "expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Oppenheim v. Finch*, 495 F.2d 396, 398 (4th Cir. 1974), quoting *Vitek v. Finch*, 438 F.2d 1157, 1160 (4th Cir. 1971).

In light of the foregoing, it is this 30th day of September, 1981,

ORDERED, that this cause shall be and hereby is remanded to the Defendant for reevaluation by his Administrative Law Judge not inconsistent with this Opinion and in light of the medical evidence newly available and evidence previously submitted, and it is

FURTHER ORDERED, that Plaintiff's Motion for Summary Judgment asking for a reversal of Defendant's decision denying Plaintiff's claim and for an award of disability benefits under the Social Security Act from January 13, 1977, in view of the Court's remand of this matter to Defendant for consideration by his Administrative Law Judge shall be, and hereby is, denied, and the claim for such benefits be dismissed without prejudice, and it is

FURTHER ORDERED, that Defendant's Motion for Judgment Affirming the Decision to Deny Plaintiff's Claim for Disability Benefits shall be and hereby is denied, insofar as this cause is remanded to the Defendant.