Wanda L. WOOLRIDGE, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. A. No. 2:85–0795.

United States District Court,
S.D. West Virginia,
Charleston Division.

June 11, 1986.

Roger D. Forman, Charleston, W.Va., for plaintiff.

Gary E. Pullin, U.S. Atty., S.D. W.Va., Charleston, W.Va., for defendant.

## ORDER

HADEN, Chief Judge.

On March 3, 1986, Plaintiff filed timely objections to the Report-Recommendation of the Honorable Jerry D. Hogg, Magistrate, asserting that Magistrate Hogg would in his recommendation affirm the denial of benefits on the basis that there was no evidence to show impairments prior to December 31, 1982, the date of the Plaintiff's last employment. Counsel assails this conclusion as error in that Plaintiff's treating physician opined that the Plaintiff was disabled by her respiratory condition since 1980, and prior to December 31, 1982. (Tr. 374.)

■ The legal rule is that the Secretary is not bound by the opinion of a claimant's treating physician, but such opinion is entitled to great weight because it reflects an

expert judgment based upon a continuing observation of the Plaintiff's condition over a prolonged period of time. Consequently, such opinion of a treating physician may be disregarded only if there is persuasive contradictory evidence. *Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir.1983); *Oppenheim v. Finch*, 495 F.2d 396 (4th Cir. 1974); *Vitek v. Finch*, 438 F.2d 1157 (4th Cir.1971). Specifically, the Plaintiff assails the Magistrate's decision as "refusing to consider the testimony and Dr. Milliner's report as it relates back to 1982 and times prior," as required by *Moore v. Finch*, 418 F.2d 1224 (4th Cir.1969).

■ In this case, the Magistrate and the Secretary before him clearly considered the opinion of Dr. Milliner, but chose to ignore it as not being supported by the evidence in the case. The scenario is as follows: Dr. Milliner in fact did not treat the Plaintiff prior to December 31, 1982, but after Plaintiff's counsel asked him to render an opinion as to whether her respiratory condition preexisted December 31, 1982. The record reveals that Dr. Milliner first saw the Plaintiff on August 20, 1984. (Tr. 356.) Upon the request of Plaintiff's counsel, Dr. Milliner then took a further history from the Plaintiff in which she supplied to him alleged factual incidents of dizziness due to respiratory conditions and other conditions and certain episodes requiring treatment prior to 1982. No medical or other record of that treatment otherwise appears in the evidence of this case. Likewise, at hearings before the administrative law judge, the Plaintiff never offered any testimony to support the history purportedly given by her to her treating physician relating to the onset of her condition. (Tr. 30–65.) In fact her testimony contradicted the alleged history given Dr. Milliner. She related no unconsciousness or trips to emergency rooms for such ailments in 1979 or 1980. She stated that her problems were related to a temporary low blood count. (Tr. 58.) Her history to Dr. Milliner is also inconsistent with earlier histories given by the Plaintiff. (Tr. 159, 207, 233.) In short, Dr. Milliner's history in response to Plaintiff's counsel's inquiry finds no support in the record.

The medical testimony and opinion based thereon taken and rendered by Dr. Milliner were properly given no consideration by the Magistrate, even though they came from a "treating" physician. The evidence in the form offered is pure hearsay and does not satisfy the requirements of admissibility under *Rule* 803(4), Federal Rules of Evidence. Subsequent history taken by Dr. Milliner was not for the purposes of treatment or diagnosis but rather done to supply a critical evidentiary requirement in support of Plaintiff's claim for benefits under the Act. In other words, it was prepared solely for the purposes of this litigation. Since the doctor's opinion has no evidentiary support in the record and is, in fact, contradicted by the record, it properly was not considered by the Magistrate or Secretary in their conclusions to deny benefits.

■ Consequently, upon the Court's *de novo* review of the record in this case and giving consideration to the objections raised by the Plaintiff to the Report-Recommendation of the Magistrate, the Court overrules the objections and affirms the Magistrate's decision by issuing a final order denying benefits.