959 F.2d 232
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stevie L. RASNAKE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 91-1062.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 25, 1991
Decided: April 1, 1992
 
 Stevie L. Rasnake, Petitioner Pro Se.
 Michael John Denney, Brian Earl Peters, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent.
 Before RUSSELL, WIDENER, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Stevie L. Rasnake seeks review of the Benefits Review Board's decision and order affirming the administrative law judge's denial of his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 et seq.[1] We vacate the order of the Board and remand for further proceedings.
 
 
 2
 Rasnake was born in 1937 and went to work as a coal miner in 1955. He filed an application for black lung benefits on June 19, 1980. His claim was initially denied. After consideration of additional evidence, his claim was again denied. Rasnake then requested a formal hearing. On September 30, 1988, an Administrative Law Judge denied his claim. On appeal, the Benefits Review Board affirmed the ALJ's decision. Rasnake then brought the present petition for review before this court.
 
 
 3
 The BRB, in affirming the ALJ's decision, held that the opinion of Rasnake's treating physician, Dr. Modi, a certified specialist by the American Board of Internal Medicine, was not entitled to any special weight. We have held to the contrary:
 
 
 4
 While the Secretary is not bound by the opinion of a claimant's treating physician, that opinion is entitled to great weight for it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.
 
 
 5
 Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983) (citing Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974); Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971)). In Dr. Modi's opinion, Rasnake is suffering from "[i]nterstitial pulmonary fibrosis secondary to his exposure to coal dust for 19 years." He further stated that it was his "opinion with a reasonable medical certainty that his respiratory disease (pneumoconiosis) is the result of his exposure to coal dust in 19 years of coal mining employment." This opinion is entitled to great weight, and standing alone would be sufficient to sustain an award of benefits. The BRB improperly failed to give Dr. Modi's opinion, as the treating physician, the weight it is due.
 
 
 6
 The BRB relies in part on the fact that Dr. Modi's opinion should not be credited because it relies on an "incorrect length of coal mine employment"-nineteen years. While Rasnake did not work every quarter for 19 years, he did work in at least one quarter of every year from 1955 to 1975, with the exception of 1959. So, in fact his coal mining employment did stretch over a period of more than nineteen years. It is apparent that this was the nineteen-year period that Dr. Modi was referring to. In light of these facts, we are of opinion that the BRB erred in concluding that Dr. Modi's opinion should not be given special weight because of an incorrect length of coal mine employment.
 
 
 7
 In addition, the ALJ incorrectly credited Rasnake with only eight and three-quarters years of coal mine employment. In fact, as was conceded by the Director on this petition for review, Rasnake should have been credited with ten and three-quarters years of coal mine employment.[2] Since Rasnake is properly credited with ten and threequarters years of coal mine employment, if on remand he can establish that he does have pneumoconiosis, he is entitled to "a rebuttable presumption that the pneumoconiosis arose out of such employment." 20 C.F.R. § 718.203(b).
 
 
 8
 We remand for the BRB to have evaluated Dr. Modi's medical opinion under the proper standard. If, upon re-evaluation, it is found that Rasnake has established that he suffers from pneumoconiosis, then he will be entitled to a rebuttable presumption that his disease arose out of his coal mine employment.[3]
 
 
 9
 The order of the Benefits Review Board denying benefits is vacated, and the case is remanded to the Benefits Review Board for action not inconsistent with this opinion, including further remand to an ALJ, if necessary.
 
 VACATED AND REMANDED WITH INSTRUCTIONS
 
 
 [1]
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process
 
 
 [2]
 A claimant is given credit for the quarters in which he earned more than fifty dollars from coal mine employment. See Shrader v. Califano, 608 F.2d 114, 117-18 n.3 (4th Cir. 1979)
 
 
 [3]
 On remand, the Board will also have correctly evaluated the medical xrays. After accurately stating that in weighing x-ray reports greater weight should be given to the most recent x-rays, the ALJ failed to adequately explain why he did not find the existence of pneumoconiosis established by Dr. Myers', a certified B-reader, positive reading of the most recent x-ray on December 14, 1987. We also note that Dr. Myers' diagnosis of pneumoconiosis serves to corroborate Dr. Modi's like diagnosis. So any finding that Dr. Modi's diagnosis was not corroborated is, facially, at least, without the support of substantial evidence