36 F.3d 1091
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Violet C. ADDINGTON, Executrix of the Estate of Curtis M.
Addington, deceased, Plaintiff-Appellant,
v.
Paul R. DEAN, Trustee; Michael H. Holland, Trustee; Marty
D. Hudson, Trustee; Elliott A. Segal, Trustee;
United Mine Workers of America,
Defendants-Appellees.
 No. 94-1185.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 2, 1994.
Decided: Sept. 30, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. James C. Turk, District Judge. (CA-92-84-B)
 Violet C. Addington, appellant pro se. Glenda Sullivan Finch, Robert Duane Valer, UMWA Health & Retirement Funds, Washington, DC, for appellees.
 W.D.Va.
 AFFIRMED.
 Before WILKINS and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Violet C. Addington, the widow of the deceased claimant, Curtis Addington ("Addington"), appeals from a district court order that granted summary judgment to the Trustees ("the Trustees") of the United Mine Workers of America 1950 Pension Trust ("the Plan"). Because we find that substantial evidence supports the Trustees' denial of benefits under the Plan, we affirm the district court's order.
 
 
 2
 Because the Plan gives the Trustees discretionary authority to determine eligibility for benefits or to construe the terms of the Plan, we review the Trustees' denial of benefits for abuse of discretion. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989); Baker v. UMWA Health & Retirement Funds, 929 F.2d 1140, 1144 (6th Cir.1991). If substantial evidence supports the Trustees' decision, then it is within the Trustees' discretion. Boyd v. Trustees of the UMWA Health & Retirement Funds, 873 F.2d 57, 59 (4th Cir.1989). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion" and "consists of more than a scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966).
 
 
 3
 The Trustees do not contest that Addington was involved in a mine accident in 1969 or that he was medically disabled. The Trustees found that Addington failed to establish that the mine accident caused the disability for which he received Social Security benefits. Substantial evidence supports that decision.
 
 
 4
 Addington received Social Security disability benefits because of an "essential tremor" and osteoarthritis. There is absolutely no medical evidence linking the osteoarthritis with the mine accident. As for the tremor, Dr. McFaddin, an orthopedic surgeon, concluded that the "tremor involving the right upper extremity" was probably familial or "essential tremor." Though McFaddin noted that the tremor was a "considerable impairment," he did not link it to the mine accident.
 
 
 5
 The record also contains medical reports from Addington's family physician, Dr. Robertson. Robertson states that the tremor was "probably related to his [Addington's] old injury," but he does not specify the injury to which he refers. In August 1980, Addington related to Robertson that he had hurt his back about thirty years earlier, which would have preceded the 1969 mine accident, and that he suffered from the tremor in his right arm since that time. Therefore, even though a treating physician's opinion is entitled to great weight, Oppenheim v. Finch, 495 F.2d 396, 398 (4th Cir.1974), the records of Addington's treating physician do not support a link between his disability and the mine accident. In addition, Dr. Kanwal, who performed a disability evaluation for the Social Security Administration in 1980, states in his report that there was "no pain, swelling or deformity of any joints." Neither does the report note any complaints of back pain or tremors from Addington.
 
 
 6
 Though the medical records disclose that Addington did not work for three months while he received treatment for the injury he suffered while shoveling coal, the records also disclose that Addington returned to work and apparently continued to work as a truck driver without incident for the next ten years. It is also noteworthy that Addington's treatment for the 1969 back injury was not extensive; he was prescribed Valium and Empirin, physical therapy, bed rest, and a corset.
 
 
 7
 Since there is virtually no medical evidence in the record that demonstrates that the mine accident caused the disability for which Addington received his Social Security disability benefits, a requirement to receive benefits under the Plan, substantial evidence supports the Trustees' denial of benefits. We therefore affirm the district court's order denying benefits under the Plan. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED