**Phillip A. CLEMONS Plaintiff**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Defendant**

No. 02–CV–4.

United States District Court, W.D. Virginia, Danville Division.

Jan. 28, 2003.

---

Phillip A. Clemons, N. Fort Myers, Fl, pro se.

Julie C. Dudley, Sara Bugbee Winn, United States Attorneys Office, Roanoke, VA, for Defendant.

### MEMORANDUM OPINION

CONRAD, United States Magistrate Judge.

Plaintiff has filed this action challenging certain provisions of the final decision of the Commissioner of Social Security establishing plaintiff's disability for purposes of his application for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is established under 42 U.S.C. § 405(g). The case is before the undersigned United States Magistrate Judge pursuant to consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).

In an opinion which now stands as the final decision of the Commissioner, an Administrative Law Judge concluded that plaintiff became disabled for all forms of substantial gainful employment on August 10, 1997. Plaintiff now maintains that he became disabled for all forms of work on March 18, 1992, as alleged in his original application for benefits. As reflected by the memoranda and arguments submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence or, if it is not, whether plaintiff has met the burden of proof in establishing that he first became disabled for all forms of substantial gainful employment at some point in time prior to August 10, 1997. If the Commissioner's final decision is supported by substantial evidence, the decision of the Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir.1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The plaintiff, Phillip A. Clemons, was born on August 10, 1947 and eventually completed his high school education. Mr. Clemons has worked primarily as a machine operator in the furniture industry. He last worked on a regular basis in 1992. On May 11, 1993, plaintiff filed an application for a period of disability and disability insurance benefits. Mr. Clemons alleged

that he became disabled for all forms of substantial employment on March 18, 1992 due to chronic fatigue syndrome and environmental allergies. Plaintiff now maintains that he has remained disabled to the present time. The record reveals that Mr. Clemons met the insured status requirements of the Act through the fourth quarter of 1997. *See, gen.*, 42 U.S.C. §§ 414 and 423.

Mr. Clemons' claim was denied upon initial consideration and reconsideration. He then requested and received a *de novo* hearing and review before an Administrative Law Judge. In an opinion dated January 19, 1995, the Law Judge also concluded that plaintiff was not disabled. The Law Judge found that Mr. Clemons suffered from chronic fatigue syndrome and depression. Because of these impairments, the Law Judge ruled that plaintiff was disabled for his past relevant work roles in the furniture industry. However, the Law Judge determined that plaintiff retained sufficient functional capacity for sedentary levels of exertion. Given a residual functional capacity for sedentary exertion, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mr. Clemons retained sufficient functional capacity for several specific sedentary work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff was not disabled, and that he was not entitled to a period of disability or disability insurance benefits. *See, gen.*, 20 C.F.R. § 404.1520(f).

Mr. Clemons appealed the Law Judge's ruling to the Social Security Administration's Appeals Council. By order entered August 8, 1996, the Appeals Council remanded the case for further review by an Administrative Law Judge. Stated suc-

cinctly, the Appeals Council held that the Administrative Law Judge did not give proper reasons for discounting an opinion from a doctor indicating that Mr. Clemons became disabled for all forms of work in March of 1992. The Appeals Council also noted that the Law Judge had failed to give appropriate reasons for finding that Mr. Clemons' psychiatric problems were not so severe as to affect his capacity for particular sedentary work roles.

Upon remand, the case was assigned to a second Administrative Law Judge for a new administrative hearing and decision. The second Law Judge conducted a supplemental hearing at which a vocational expert and two medical advisors participated. The second Law Judge produced an opinion on August 1, 1998. The second Law Judge found that Mr. Clemons suffers from chronic fatigue immune dysfunction, multiple environmental sensitivity syndrome, and mild depressive disorder. Given this unusual combination of impairments, the Law Judge ruled that Mr. Clemons is disabled for all past relevant work roles. However, the second Law Judge also found that plaintiff retains sufficient functional capacity for sedentary levels of exertion. Given a residual functional capacity for sedentary exertion, and after considering plaintiff's age, education, and prior work experience as well as testimony from the vocational expert, the second Law Judge determined that Mr. Clemons retained sufficient functional capacity for several specific sedentary work roles at all relevant times through August 9, 1997. However, the Law Judge noted that once plaintiff attained the age of fifty on August 10, 1997, and given residual functional capacity for no more than sedentary levels of exertion as well as his educational level and lack of transferable skills, the medical-vocational guidelines directed a determination of disabled. *See* 20 C.F.R. § 404.1569, and Rule 201.14 of Appendix II to Subpart

P of the Administrative Regulations Part 404. Thus, the Law Judge ultimately concluded that Mr. Clemons became disabled for purposes of his application for a period of disability and disability insurance benefits on August 10, 1997. Mr. Clemons appealed the Law Judge's finding as regards his disability onset date to the Social Security Administration's Appeals Council. However, the Appeals Council ultimately adopted the second Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, Mr. Clemons has now appealed to this court.

■ After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Beginning in the early 1990s, Mr. Clemons began to complain of a variety of symptoms, including easy fatigueability, short term memory loss, numbness and tingling in the extremities, and inability to apply himself on a sustained basis. Plaintiff sought treatment from Dr. Allan D. Lieberman, a board certified specialist in occupational medicine. Dr. Lieberman submitted a report on June 3, 1993. Dr. Lieberman eventually determined that Mr. Clemons suffers from neurotoxicity due to chronic exposure to formaldehyde and solvents used in the furniture industry, as well as chronic fatigue immune dysfunction syndrome. Dr. Lieberman suggested that there might be some connection between the prolonged exposure to chemical solvents and the chronic fatigue syndrome. In any event, Dr. Lieberman assessed plaintiff's physical capacity so as to indi-

cate total disability for all forms of sustained work activity.

One of the primary difficulties in this case is that Mr. Clemons did not seek treatment from Dr. Lieberman or, for that matter any other physician, for the symptoms of chronic fatigue syndrome. The Disability Determination Services referred plaintiff to Dr. John W. Sellman, an allergenist, who eventually reported that he did not possess expertise in the matter of chemical occupational exposure or chronic fatigue syndrome. Sometime later, the Disability Determination Services referred Mr. Clemons to Dr. Ayyaz Qureshi for a consultative examination. While Dr. Qureshi eventually found nothing significantly wrong with Mr. Clemons, the court agrees that Dr. Qureshi was neither qualified to evaluate chronic fatigue syndrome or chemical sensitivity due to occupational exposure.[1]

In summary, despite the passage of almost ten years, the medical record contains reports from a single specialist, who considered Mr. Clemons to be disabled but who did not provide continuing treatment, and several consultative physicians who were not qualified to comment on plaintiff's particular impairments.[2] Given such an inconclusive medical record, the Administrative Law Judge relied heavily on the testimony of Dr. Ward Stevens who participated at the most recent administrative hearing as a medical advisor. As previously noted, Dr. Stevens essentially agreed that the report from the consultative physician to whom plaintiff had been referred by the Disability Determination Services was not reliable in terms of assessment of chronic fatigue syndrome. However, Dr.

1. The medical advisor testified to such effect at the most recent administrative hearing.

2. The medical record also includes reports from a psychiatrist and a psychologist who

determined that plaintiff's nonexertional impairments never reached a level of severity as to affect plaintiff's performance of work for which he is otherwise physically capable.

Stevens made the point that plaintiff's medical history is inconclusive because plaintiff failed to seek treatment from qualified specialists following the initial diagnosis of Dr. Lieberman. While Dr. Stevens recognized Dr. Lieberman as a qualified medical source, he also opined that the problems identified by Dr. Lieberman could be expected to respond to appropriate medical treatment. (TR 160–164). Dr. Stevens noted that a definitive diagnosis of chronic fatigue syndrome needs to be made over time, based on continuing observation, and after an assessment of the patient's response to various treatment modalities. Thus, Dr. Stevens was unable to confirm a diagnosis of chronic fatigue syndrome. The medical advisor went on to observe that even given the physical symptoms reported by Dr. Lieberman and the plaintiff, it would be reasonable to conclude that Mr. Clemons might perform sedentary levels of exertion in an environment free of respiratory irritants. (TR 169). When asked to consider a hypothetical question which included the limitations identified by Dr. Stevens, the vocational expert identified several specific sedentary work roles in which Mr. Clemons could be expected to perform.

Given such a record, the court must conclude that the Law Judge properly relied on Dr. Stevens' testimony in resolving the factual conflicts. Dr. Lieberman, a recognized occupational exposure specialist, specifically concluded that Mr. Clemons was disabled in 1993, during a period of time shortly after plaintiff's retirement from the furniture industry. There is simply no medical evidence which suggests that Mr. Clemons sought treatment for his problems after Dr. Lieberman's diagnosis. Based on Dr. Stevens' testimony, it was reasonable for the Law Judge to determine that the absence of intervening medical care might suggest some overall improvement in plaintiff's condition. Indeed,

it is not unlikely that plaintiff's chemical sensitivity would have improved following termination of his exposure to toxic chemicals. While the doctors who saw Mr. Clemons after Dr. Lieberman may or may not have shared Dr. Lieberman's level of expertise, it is essentially undisputed that they did not note the same physical and mental symptoms reported by Dr. Lieberman in 1993. The Law Judge identified essentially all of these circumstances in determining to adopt the findings of Dr. Stevens as to plaintiff's residual functional capacity prior to August 10, 1997. Given the absence of any medical evidence suggesting that Mr. Clemons suffered from a totally disabling physical condition which persisted for a period in excess of twelve months, and extending through August 10, 1997, the court must conclude that the Law Judge's adoption of Dr. Stevens' physical findings is supported by substantial evidence. Thus, the court believes that the Administrative Law Judge posed a proper hypothetical question to the vocational expert. The court believes that the vocational expert's assessment of the vocational factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the evidence of record. It follows that the Commissioner's disposition in this case is supported by substantial evidence and must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Mr. Clemons was free of physical and mental problems prior to August 10, 1997. Indeed, the medical record establishes that plaintiff has suffered from some measure of physical, mental, and emotional dysfunction since he quit working in the furniture industry. On the other hand, the testimony of the medical advisor gives every indication to believe that plaintiff could have received some relief had he secured appropriate medical treatment. Furthermore,

the intervening medical reports do not document the same level of severe physical dysfunction as was noted by Dr. Lieberman. It must be recognized that the inability to do work without any subjective complaints does not of itself render a claimant totally disabled. *Craig v. Chater,* 76 F.3d 585, 594–95 (4th Cir.1996). It appears to the court that the Administrative Law Judge gave plaintiff the benefit of the doubt in finding that he was limited to no more than sedentary levels of exertion at all relevant times. As previously noted, it was only because of this finding that plaintiff was able to establish disability under the medical-vocational guidelines. The court believes that the Administrative Law Judge properly assessed the subjective evidence in this case, and that all facets of the Commissioner's final decision are supported by substantial evidence.

■ As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. *Richardson v. Perales, supra; Oppenheim v. Finch,* 495 F.2d 396 (4th Cir.1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze, supra.* An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to the plaintiff, *pro se,* and to all counsel of record.