**Mary W. HINES, Plaintiff–Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant–Appellee.**

No. 88–2868.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 9, 1989.

Decided March 10, 1989.

Sara Elliott Krome (Pamlico Sound Legal Services on brief) for plaintiff-appellant.

Stephen Aubrey West, Asst. U.S. Atty. (Margaret Person Currin, U.S. Atty., on brief) for defendant-appellee.

Before CHAPMAN, Circuit Judge, BUTZNER, Senior Circuit Judge, and MOTZ, District Judge from the District of Maryland, Sitting by Designation.

CORRECTED OPINION

PER CURIAM:

Mary W. Hines appeals from the order of the district court denying her disability insurance benefits and supplemental security income under 42 U.S.C. § 401 *et seq.* and 42 U.S.C. § 1381. The district court found that there was substantial evidence to support the conclusion of an Administrative Law Judge (ALJ) that Hines does not have an impairment or combination of impairments listed in or medically equivalent to any of those listed at 20 C.F.R. Pt. 404, Subpart P, App. 1 (1988), and that Hines' medical problems do not prevent her from continuing past relevant work as it is performed in the national economy. Because we believe the Secretary failed to consider and to explain the combined effect of Hines' impairments on her ability to work, we vacate the decision of the district court and return it to the Secretary for further consideration.

I.

Mary Williams Hines is a 63 year old former nursing assistant. She has a ninth grade education. Before her 1984 retirement Hines was employed for thirty years at a hospital in her hometown of Williamston, North Carolina. Hines claims that since August, 1984, a combination of ailments has prevented her from continuing this work.

Hines first filed for benefits in May, 1985. Although an ALJ denied her application in January, 1986, the Social Security Administration's Appeals Council subsequently vacated the ALJ decision in March, 1986. The Appeals Council considered that *Hyatt v. Heckler,* 579 F.Supp. 985 (W.D.N. C.1984), *aff'd,* 757 F.2d 1455 (4th Cir.1985), required a less restrictive review of potential disabilities caused by diabetes, hypertension, or pain. However, after a second hearing, on December 2, 1986, another ALJ denied Hines' claim. Following an unsuccessful attempt to have this second decision overturned by the Social Security Administration's Appeals Council, Hines brought this action in the Eastern District of North Carolina. The district court granted summary judgment in favor of the Secretary on May 16, 1988.

The relevant medical evidence consists of Hines' personal testimony and the reports of examining and Social Security Administration physicians. In her written applications and in her appearance before the ALJ Hines stated that when she stopped working she suffered from pain in her arms, feet, and chest. She described debilitating

arthritis, particularly in her wrists. Since 1981 she has been hospitalized and treated for hypertension, chest pain, and a kidney infection. As of the July, 1986 hearing, Hines weighed 221 pounds; she is 5′ 1½″ tall. Despite regular treatment, including medication, for various illness, Hines reported that she continues to suffer from chest pain, high blood pressure, and severe pain in her wrists, knees, and feet. Her joint pain is a result of arthritis and gout. Hines also claims that her daily medications produce dizziness and drowsiness.

Hines' problems have been further identified by physicians. Non-examining, Social Security Doctors Issac Wright and J.H. Dykes recognized that Hines has a history of hypertensive cardiovascular disease, osteoarthritic cardiovascular disease with chest pain, exogenous obesity, diabetes, and gout. One of Hines' personal physicians, Beverly Lewis, who treated Hines during the period of this disability application, reported that Hines had shortness of breath with minimal physical exertion, had intermittent burning pain in her feet, hypertension, peripheral vascular disease, chest pain, hyperglycemia, diabetes, and with a weight of just over 226 pounds, exogenous obesity. Two other examining physicians, John Blount and Omatta Sirisena, reached similar conclusions.

## II.

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An ALJ must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairment prevents her from any substantial gainful employment. An affirmative answer to question 1 or negative answers to questions 2 or 4 result in a determination of no disability. Affirmative answers to questions 3 or 5 establish disability. 20 C.F.R. § 404.1520. An ALJ's factual determinations must be upheld if supported by substantial evidence, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir.1986), but this court is not so restrained in determining whether correct legal standards were applied. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

Hines' appeal does not involve questions one or two of the sequential evaluation, as the ALJ conceded that Hines was not presently engaged in substantial gainful activity. He further admitted that she was "severely impaired." Regarding question three, however, the ALJ determined that Hines' condition did not meet or exceed the requirements of any impairment listed at 20 C.F.R. Pt. 404, Subpart P, App. 1. Proceeding to question four, the ALJ decided that Hines' limited impairments did not prevent her from continuing her past relevant work as a nurse's aid. Because the question of disability under the five-part scheme was resolved by a negative answer to question four, it was not necessary for the ALJ to continue to an examination of question five, involving whether Hines' impairment prevented her from performing any other kind of work.

Despite the fact that the ALJ ostensibly denied benefits based on Hines' purported ability to work as a nurse's aid, his decision was ultimately dependent on an evaluation of Hines' impairments. The best evidence of the ALJ's reasoning is his decision, which discusses various aspects of Hines' medical condition. The ALJ mentioned Hines' history of hypertension, diabetes, chest pain, obesity, joint pain and peripheral vascular disease. Yet the ALJ stressed that Hines' worst problems were either controlled by medication, or were not adequately proven by objective evidence. He concluded that the impairments, alone or in combination, did not meet or equal any of the Subpart P listings.

Hines concedes that not one of her conditions by itself equals the requirements of a

Subpart P listing. Her position is that, when considered in combination, the sum of her impairments are severe enough to allow her to adequately approximate the requirements of listing 10.10, which provides for a finding of disability under certain circumstances of gross obesity.[1] Without deciding the ultimate question of whether Hines is or is not entitled to receive benefits on this basis we believe that the ALJ did not adequately discuss Hines' borderline obesity, and more important, discuss how Hines' various impairments might combine with one another to create a medical equivalence with 10.10 or another listed impairment.

A failure to establish disability under the listings by reference to a single, separate impairment, does not always prevent a disability award. Congress explicitly requires that "the combined effect of all the individual's impairments" be considered, "without regard to whether any such impairment if considered separately" would be sufficiently severe. 42 U.S.C.A. § 423(d)(2)(c) (1982 and Supp.1988). Further, this court has held that in determining whether an individual's impairments are of sufficient severity to prohibit basic work related activities, an ALJ must consider the combined effect of a claimant's impairments. *Reichenbach v. Heckler*, 808 F.2d 309, 312 (4th Cir.1985); *DeLoatche v. Heckler*, 715 F.2d 148, 149 (4th Cir.1983); *Oppenheim v. Finch*, 495 F.2d 396, 398 (4th Cir.1974); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir.1968). It is also clear that the ALJ must adequately explain his or her evaluation of the combined effect of impairments.

*Reichenbach*, 808 F.2d at 312. This rule merely elaborates upon the general requirement that a ALJ is required to explicitly indicate the weight given to relevant evidence. *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir.1987); *Gordon v. Schweiker*, 725 F.2d 231, 235–36 (4th Cir.1984).

The ALJ here has not satisfied any of these basic requirements. Despite the fact that Hines is only a few pounds below the threshold weight specified in listing 10.10, the ALJ failed to sufficiently explain why obesity could not be considered disabling. The ALJ also wrongly concluded that Hines' angina was only "possible." This condition was conclusively established by the record. Moreover, Hines' high blood pressure, joint pain, and the negative impact of her medication were insufficiently addressed, for unexplained reasons. As a result of these errors and omissions, the ALJ did not demonstrate that he adequately considered the combined effect of Hines' impairments. It is necessary to the review process that this court be given a full explanation. The ALJ must make a particularized finding on the effect of the combination of impairments.

The judgment of the district court is reversed and the case shall be remanded with instructions to return it to the Secretary for further proceedings in accordance with this opinion. We deny appellant's motion to submit additional evidence on appeal, but this denial is without prejudice to apellant's right to submit such evidence to the Secretary on remand.

---

1. 10.10 *Obesity.* Weight equal to or greater than the values specified in Table I for males. Table II for females (100 percent above desired level) and one of the following:

    A. History of pain and limitation of motion in any weight bearing joint or spine (on physical examination) associated with X-ray evidence of arthritis in a weight bearing joint or spine; or

    B. Hypertension with diastolic blood pressure persistently in excess of 100 mm. Hg measured with appropriate size cuff; or

    C. History of congestive heart failure manifested by past evidence of vascular congestion such as hepatomegaly, peripheral or pulmonary edema; or

    D. Chronic venous insufficiency with superficial varicosities in a lower extremity with pain on weight bearing and persistent edema; or

    E. Respiratory disease with total forced vital capacity equal to or less than 2.0L. or a level of hypoxemia at rest equal to or less than the value specified in Table III–A or III–B or III–C.

TABLE II—WOMEN (PART)

| Height without shoes (inches) | Weight (pounds) |
|---|---|
| 61 | 236 |
| 62 | 242 |

REVERSED AND REMANDED WITH INSTRUCTIONS.