960 F.2d 146
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willie A. KIRBY, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 91-1168.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 6, 1992
Decided: April 15, 1992
 
 Mary J. Weisen-Kosinski, Aiken, South Carolina, for Appellant. Stuart E. Gerson, Assistant Attorney General, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; E. Bart Daniel, United States Attorney, Columbia, South Carolina; Bruce R. Granger, Chief Counsel, Region IV, Mack A. Davis, Deputy Chief Counsel for Social Security Litigation and Programs, Mary Ann Sloan, Principal Regional Counsel, Social Security Disability Litigation, Haila Naomi Kleinman, Supervisory Assistant Regional Counsel, Ronald L. Paxton, Assistant Regional Counsel, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Atlanta, Georgia, for Appellee.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 This is an appeal from a district court order accepting the recommendation of the magistrate judge and affirming the Secretary's denial of claimant's application for social security disability benefits. Benefits were denied based on the administrative law judge's ("ALJ") finding that claimant was engaged in substantial gainful activity during the period for which she sought benefits, precluding entitlement under 20 C.F.R. § 404.1520(a). See also Hines v. Bowen, 872 F.2d 56 (4th Cir. 1989). Because we find that the Secretary's decision is supported by substantial evidence, we affirm. See Hays v. Sullivan, 907 F.2d 1453 (4th Cir. 1990).
 
 
 2
 Although Kirby contends that the duties she performed at her last two jobs as a "companion" to elderly women did not constitute "substantial" work activity because her work involved no significant physical or mental activity, the record supports the ALJ's finding to the contrary. Although there was some dispute regarding the amount of housework Kirby performed at her job for the Hughes family, Kirby admitted to performing various household chores, such as dusting, straightening rooms, making beds, cooking, grocery shopping, and bathing Mrs. Seals at her most recent job. The ALJ could reasonably find such activities "substantial" under 20 C.F.R. § 404.1574(a).
 
 
 3
 We also reject Kirby's assertion that her work was not "gainful" within the meaning of section 404.1574(b). Although Kirby maintains that her work was not of a type usually done for pay of profit because it merely required her to observe a patient and call for assistance if necessary, this argument ignores the additional requirements of her job. Moreover, the regulations presume substantial gainful activity whenever the claimant's earnings exceed $300 per month. See 20 C.F.R. § 404.1574(b)(2)(vi). Although Kirby received no wages at the Hughes job and only $14 per day at the job for Mrs. Seals, she received in-kind compensation in the form of room and board at each position, and had she received the federal minimum wage which a vocational expert testified would be the ordinary compensation for her duties, the value of her services would have far exceeded the $300 figure. Finally, we note that this evidence also undercuts Kirby's arguments that she received a subsidy, rather than wages, for her duties.
 
 
 4
 Accordingly, the decision of the Secretary is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED