**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VANESSA Y. HICKMAN,
Plaintiff-Appellant,

v.

No. 96-1953

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Malcolm J. Howard, District Judge.
(CA-94-155-4-H)

Submitted: August 26, 1997

Decided: September 16, 1997

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard Luby Cannon, III, Greenville, North Carolina, for Appellant.
Janice McKenzie Cole, United States Attorney, Barbara D. Kocher,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Vanessa Hickman appeals the district court's order upholding the decision of the Commissioner of Social Security (Commissioner) that she is not disabled and therefore not entitled to supplemental security income (SSI). We affirm.

Hickman claimed disability from July 31, 1992, through November 16, 1993. She had a long history of morbid obesity and underwent gastric bypass surgery in November 1993. Following surgery, she lost a considerable amount of weight. She asserts that the Commissioner should have found her disabled at the third step of the sequential evaluation process, see 20 C.F.R. § 416.920(d) (1997), because her impairments met or equaled an impairment listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (1997) (the Listing). We review the Commissioner's decision to determine if substantial evidence supports the decision and the correct law was applied. Pass v. Chater , 65 F.3d 1200, 1202 (4th Cir. 1995).

Hickman contends that, until her weight dropped after her surgery, she was disabled under § 9.09 of the Listing because of obesity. That regulation requires that a woman of Hickman's height weigh at least 274 pounds and have an identified physical problem in addition to her obesity. Assuming that Hickman's weight qualified, she did not produce evidence that would render her disabled under§ 9.09. Although she claimed to suffer from back and leg pain, she offered no x-ray or similar imaging evidence, as required by § 9.09(A), showing arthritis in a joint or the lumbosacral spine. Rather, the x-rays offered showed only minor degenerative changes at the left sacroiliac joint. Similarly, while Hickman's blood pressure was elevated, the numerous blood pressure readings contained in the record do not show diastolic pressure that was persistently greater than 100 mm. Hg, as required by § 9.09(B). There is no assertion that Hickman suffered from any other

2

physical maladies specifically identified in § 9.09. Substantial evidence thus supports the finding that Hickman's obesity did not qualify under the Listing.

The Commissioner also correctly concluded that Hickman's various problems, when considered in combination, did not meet or equal one listed in the regulations. See Hines v. Bowen, 872 F.2d 56, 59 (4th Cir. 1989). Her hypertension was not serious, although doctors monitored it. While she suffered from diabetes, the condition was controlled with medication. The ALJ found Hickman's complaints of pain not credible to the degree alleged because Hickman took no significant pain medication, engaged in daily activities such as cleaning, vacuuming, and dishwashing, and had sought no treatment for pain other than relatively mild painkillers. We find no reason to disturb this properly supported credibility determination.

We accordingly affirm the judgment.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

*Hickman claims that the ALJ should have solicited the testimony of a vocational expert. However, she did not raise this claim at the administrative level, in her motion for judgment on the pleadings in the district court, or in her objections to the magistrate judge's report. Therefore, she has waived her right to raise the issue on appeal. See Pleasant Valley Hosp., Inc. v. Shalala, 32 F.3d 67, 70 (4th Cir. 1994); Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993); Praylow v. Martin, 761 F.2d 179, 180 n.1 (4th Cir. 1985).