**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHIRLENE CHAVIS,
Plaintiff-Appellant,

v.

No. 98-1145

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CA-96-196-7-F1)

Submitted: October 30, 1998

Decided: December 1, 1998

Before MURNAGHAN and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Lee Davis, III, Lumberton, North Carolina, for Appellant.
Janice McKenzie Cole, United States Attorney, Anne M. Hayes,
Assistant United States Attorney, Barbara D. Kocher, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Shirlene Chavis appeals the district court's order upholding the decision of the Commissioner of Social Security (Commissioner) that Chavis is not entitled to disability insurance benefits or supplemental security income. Because the Commissioner's decision is supported by substantial evidence and the correct law was applied, we affirm.

I

Chavis was born on April 15, 1946. She completed the tenth grade, although her reading ability is at the third grade level. Past relevant work was as a frame spinner and a sewing machine operator. Chavis stopped working on October 8, 1982. She alleged disability due to hypertension, a breast tumor, back problems, weakness, diabetes, arthritis, and stomach and bladder problems.

Chavis applied for benefits in 1987.[1] A hearing on her application was conducted on December 12, 1987. The ALJ issued an unfavorable decision, and Chavis appealed. Because she was a member of the class established in Hyatt v. Heckler, 757 F.2d 1455 (4th Cir. 1985), the Appeals Council vacated the ALJ's decision and remanded for further evaluation of Chavis' claimed pain. Following her second hearing, the ALJ determined that she was not entitled to benefits. The Appeals Council again vacated this decision and remanded for consideration of her subjective complaints. After an August 15, 1989, hearing, the ALJ returned an unfavorable decision; the Appeals Council vacated the decision and remanded for evaluation of Chavis' complaints of pain pursuant to Social Security Ruling (SSR) 88-13. At the

_____

[1] She also applied for benefits in 1983 and 1984. The applications were denied administratively, and Chavis did not seek judicial review of either decision.

2

subsequent hearing, the ALJ decided that Chavis was not disabled because she could perform the full range of light work activity. The Appeals Council vacated this decision and remanded for further evaluation under Hyatt v. Sullivan, 899 F.2d 329 (4th Cir. 1990).

On May 8, 1991, an ALJ conducted yet another hearing and determined that Chavis was not disabled because she retained the residual functional capacity to perform most medium work. The Appeals Council upheld this decision. Chavis sought judicial review. The district court concluded that substantial evidence supported the finding that Chavis was not disabled. Chavis appealed to this court. After oral argument, but prior to our decision, Chavis was found to be a member of the class entitled to readjudication under Hyatt v. Shalala, No. C-C-83-655-MU (W.D. N.C. Mar. 21, 1994). Her appeal was dismissed in order that she pursue administrative review.

On January 5, 1996, an ALJ conducted the most recent hearing in this matter. Chavis was represented by counsel at the hearing, at which she, one of her daughters, and a vocational expert (VE) testified. The ALJ found that Chavis suffered from the following severe impairments: vision loss; lumbar arthritis; hypertension; diabetes; obesity; seizures; borderline intellectual functioning; a personality disorder; depression; and a conversion disorder. [2] However, none of these impairments, singly or in combination, met or equaled an impairment listed at 20 C.F.R. Part 404, Subpart P, App. 1 (1998). See Hines v. Bowen, 872 F.2d 56, 58-59 (4th Cir. 1989).

The ALJ gave detailed reasons for rejecting many of Chavis' claimed physical maladies and for crediting certain medical evidence over other such evidence. He determined that Chavis had the residual

_____

[2] Her diabetes, hypertension, and seizures are controlled with medications. EKG's and stress test results have been normal. Chavis has corrected vision of 20/100 in her right eye and 20/20 in her left eye. While she suffers from lumbar osteoarthritis, the pain caused by this condition is fairly well controlled with medication and her range of movement is not significantly limited. Chavis has apparently not received mental health treatment since October 1990. Her memory, insight, and judgment were described as good. She can follow simple instructions but cannot work in stressful environments because of her mental impairments.

functional capacity to work, except that she cannot lift or carry more than ten pounds frequently or twenty pounds occasionally. Additionally, she needs a sit/stand option. Chavis cannot climb, work around chemicals, smoke, or other fumes. Nor can she work in a stressful environment, bend, or squat. These restrictions prevented her from engaging in her past work as a sewing machine operator and frame spinner.

Based on Chavis' age, past work, education, and residual functional capacity, the regulations would direct a finding of not disabled. See 20 C.F.R. Part 404, Subpart P, App. 2,§§ 202.11, 202.18 (1998). However, because Chavis suffered from nonexertional impairments, the regulations were not conclusive, but could be used only as a guide, and the testimony of a VE was necessary. See Walker v. Bowen, 889 F.2d 47, 49-50 (4th Cir. 1989). Here, the VE testified that jobs--including product assembly, shoe packing, product labeling, and lampshade assembly--exist in the regional and national economies which Chavis was capable of performing. Therefore, she was not disabled. The Appeals Council upheld this decision, which became the final decision of the Commissioner.

Chavis then filed the instant action in the district court. A magistrate judge recommended upholding the Commissioner's decision. Over Chavis' objections, the district court adopted the recommendation and entered judgment for the Commissioner. This appeal followed.

II

We must uphold the factual findings of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. See 42 U.S.C.A. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citation omitted). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, we do not re-weigh conflicting evidence, make credibility determinations, or substitute our judgment

4

for that of the Commissioner. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). Accordingly, the issue before us is not whether the claimant "is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

III

Chavis first contends that the ALJ's decision was at odds with previous decisions of the Appeals Council, which allegedly found that Chavis suffered from lumbar spasm, increased pain with bending, marked pain with any type of movement of the lower back, increased pain with sitting, and a history of chest pain. Additionally, Chavis asserts that the Appeals Council found that she suffered from a severe mental impairment. Our review of the April 4, 1989, decision of the Appeals Council reveals that it contains no such factual findings. Rather, the Appeals Council identifies Chavis' claimed impairments and refers to certain medical reports. The Appeals Council concludes that the ALJ should have made specific findings as to Chavis' impairments, including her seizure disorder, and should also have evaluated her subjective complaints of pain. In its September 15, 1989, decision, the Appeals Council made no factual findings other than agreeing that Chavis had severe mental impairments (presumably borderline intellectual functioning and a personality disorder) imposing significant nonexertional limitations. The Appeals Council directed the ALJ to make certain findings related to Chavis' mental impairments and claims of pain.

The Appeals Council, therefore, only concluded that Chavis suffered from severe mental impairments. It never found the other impairments as alleged by Chavis. With regard to her mental impairments, we note that the ALJ, like the Appeals Council, in this case specifically found that Chavis suffered from borderline intellectual functioning and a personality disorder. Chavis' claim that the ALJ disregarded the Appeals Council's factual findings is incorrect.

5

IV

Chavis takes issue with the ALJ's weighing of the medical evidence. She contends that he wrongfully disregarded the opinions of certain treating physicians in favor of non-examining physicians and doctors who performed consultative examinations. Further, Chavis alleges that the ALJ improperly relied on his own observation of Chavis at the hearing. Finally, she states that the ALJ ignored the physical assessment limitations noted by the state agency that evaluated her.

A treating physician's opinion is accorded significant, but not controlling, weight. "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d at 590. Here, the ALJ properly discounted the opinions of several of Chavis' treating physicians that she was disabled because the opinions were conclusory and inconsistent with various activities that Chavis has engaged in over the years.

Chavis complains that the ALJ relied on his own observation and assessment of her at the hearing. However, our review of the ALJ's opinion reveals that he made findings of fact based solely on the evidence of record. Nor did he ignore the state agency's physical limitations assessment. Rather, he specifically gave reasons for giving the report less weight than other evidence. First, the state experts never examined Chavis. Second, the experts did not have before them the extensive medical evidence that the ALJ did. Third, they did not consider the combined effects of Chavis' various impairments on her ability to perform work.

V

Chavis contends that the ALJ incorrectly assessed her allegations of pain. "[O]nce objective medical evidence establishes a condition which could reasonably be expected to cause pain of the severity a claimant alleges, those allegations may not be discredited simply because they are not confirmed by objective evidence of the severity of the pain itself." Craig v. Chater, 76 F.3d at 593. Here, the ALJ found that Chavis has osteoarthritis of the lumbar spine, a condition

that might reasonably cause pain. The ALJ found that Chavis' complaints of the extent of her pain were not credible, however. Medications taken for her pain have produced fairly good results. She had not sought other methods of treating the pain. Her daily activities, including sewing, doing housework, grocery shopping, and visiting a friend were inconsistent with the claimed severity of her pain. We will not disturb the ALJ's properly supported credibility determination.

VI

Finally, Chavis asserts that the hypothetical posed to the VE did not accurately represent all her limitations. The hypothetical in this case precisely and comprehensively set out every physical and mental impairment that the ALJ accepted as true and significant. The ALJ was not bound, as Chavis apparently believes, to include in the hypothetical those complaints which the ALJ found not credible or irrelevant. See Walker v. Bowen, 889 F.2d at 49-51.

VII

We conclude that substantial evidence supports the Commissioner's determination that Chavis is not disabled and that the Commissioner applied the correct law in this case. We accordingly affirm. We dispense with oral argument because the facts and legal contentions are fully presented in the material before us and argument would not aid the decisional process.

AFFIRMED

7