**Guy R. REEDY, SSN: 229–32–4579, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 89–0854–R.**

United States District Court, W.D. Virginia, Roanoke Division.

Aug. 30, 1990.

Raleigh M. Cooley, Hillsville, Va., for plaintiff.

Asst. U.S. Atty., Roanoke, Va., for defendant.

Randolph W. Gaines, Deputy Asst. Gen., Baltimore, Md., for Litigation Office of General Counsel.

738

## MEMORANDUM OPINION

TURK, Chief Judge.

█ Plaintiff has filed this action challenging the final decision of the Secretary of Health and Human Services denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Secretary's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Secretary must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir.1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. *Richardson v. Perales*, 402 U.S. 389, 400, 91 S.Ct. 1420, 1426–27, 28 L.Ed.2d 842 (1971).

█ The plaintiff, Guy R. Reedy, was born on December 10, 1928 and eventually completed the seventh grade in school. Sometime later, Mr. Reedy completed the requirements for a GED. He has also taken community college courses in business administration. Mr. Reedy served as a career officer in the United States Army. He last served with the military on June 4, 1973, when he was found medically unfit to continue such service. On March 6, 1987, Mr. Reedy filed application for a period of disability and disability insurance benefits. An earlier application for such benefits had proven unsuccessful. In his current claim, plaintiff alleges that he became disabled for all forms of substantial gainful employment on June 4, 1973 due to a heart problem, amputation of the left leg below the knee, poor vision of the right eye, shortness of breath, loss of strength, left shoulder problems, hearing loss, and high blood pressure. Mr. Reedy now maintains that he has remained disabled to the present time. The record reveals that plaintiff met the insured status requirements of the Act

through the second quarter of 1980, but not thereafter. *See, gen.,* 42 U.S.C. §§ 414 and 423. Consequently, Mr. Reedy is entitled to disability insurance benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before June 30, 1980. *See, gen.,* 42 U.S.C. § 423.

Mr. Reedy's claim was denied upon initial consideration and reconsideration. He then requested and received a *de novo* hearing and review before an Administrative Law Judge. The Law Judge produced an opinion on December 30, 1987. The Law Judge found that Mr. Reedy suffered from an amputation of the left leg below the knee, essential hypertension, visual impairment, hearing impairment, and pulmonary histoplasmosis. Despite this combination of impairments, the Law Judge ruled that plaintiff retained sufficient functional capacity to return to his past relevant work in the military as a recruiting officer. Accordingly, the Law Judge ultimately concluded that Mr. Reedy was not disabled, and that he is not entitled to disability insurance benefits. *See, gen.,* 20 C.F.R. § 404.1520(e).

Plaintiff appealed the Law Judge's decision to the Social Security Administration's Appeals Council. By order entered September 29, 1988, the Appeals Council noted that the tapes from the administrative hearing had been lost. The Appeals Council remanded the matter for a new administrative hearing and decision. A second Law Judge produced an opinion on February 27, 1989. The second Law Judge found that Mr. Reedy suffers from a severe amputation of the left leg below the knee, essential hypertension, keratitis, decreased visual acuity in the right eye, 20 percent hearing loss, status post myocardial infarction in 1984, and chronic obstructive pulmonary disease. The second Law Judge ruled that plaintiff retains sufficient functional capacity to perform sedentary levels of exertion such as were required in his past relevant work as a magistrate, recruiter, and cashier. Accordingly, the second Law Judge also held that Mr. Reedy was not disabled on or before June 30, 1980, and

that he is not entitled to a period of disability or disability insurance benefits. *See, gen.*, 20 C.F.R. § 404.1520(e). The second Law Judge's opinion was adopted as the final decision of the Secretary by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Reedy has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. *See* 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. *Vitek v. Finch*, 438 F.2d 1157, 1159–60 (4th Cir.1971); *Underwood v. Ribicoff*, 298 F.2d 850, 851 (4th Cir.1962).

After a review of the record in this case, the court is constrained to conclude that the Secretary's denial of benefits is supported by substantial evidence. It seems that Mr. Reedy has suffered from a variety of medical problems over a period of many years. Indeed, he was found to be suffering from a variety of difficulties when he was determined to be unfit for military duty in June of 1973. More recently, Mr. Reedy has suffered two separate myocardial infarctions. There is little or no question as to plaintiff's current disability. However, based on the earlier medical evidence of record, the court is constrained to conclude that the evidence supports the Secretary's finding that Mr. Reedy was not disabled for all forms of substantial gainful employment at any time on or before June 30, 1980, the date of termination of his insured status.

Mr. Reedy underwent comprehensive medical evaluation in March of 1973, in conjunction with a review of his fitness for military duty. At that time, it was noted that plaintiff had suffered an injury to the left leg while serving in Korea in 1950. The injury eventually resulted in an amputation of the leg below the knee. Mr. Reedy was fitted with a prosthesis, and he continued to perform functions as a military policeman, and, later, military recruiter. At the time of the examination, plaintiff was also found to be suffering from essential hypertension, herpetic keratitis of both eyes, with associated loss of visual acuity particularly in the right, sensorineural hearing loss in the high frequency, and pulmonary histoplasmosis. The medical record also reflects that earlier in his life, Mr. Reedy underwent surgery for the removal of his fifth rib.

The difficulty in this case is that medical records compiled from the time of plaintiff's separation from the military through the date of termination of his insured status reveal no significant deterioration in his condition. During that period of time in the 1970s, plaintiff was treated on numerous occasions at the Womack Army Hospital. Most of these visits were devoted to treatment of his hypertension. While the medical records reveal some elevated readings, his doctors considered his high blood pressure to be controlled through medication. Mr. Reedy was also treated on several occasions for headaches, shortness of breath, and complaints of irregular heart beat. His physicians were unable to detect any significant problems, and no physical manifestations of prolonged hypertension. Electrocardiograms in 1974, 1975, and 1976 were considered unremarkable. Mr. Reedy's prosthesis was refitted in 1977, without complications. He was also treated for various musculoskeletal problems including gout and bursitis of the left shoulder.

Mr. Reedy also received continuing treatment for manifestations of herpetic keratitis. Ophthalmological examination in February and April of 1979 revealed only a slight loss of visual acuity in the right eye, with normal vision in the left eye. Finally, the court notes that the medical record gives no indication that plaintiff's hearing loss constituted or contributed to any overall disability.

In short, the simple fact is that the medical records compiled during the period in which Mr. Reedy still enjoyed insured status weigh heavily against a finding of total disability. While plaintiff experienced several definite and very worrisome problems during this period of time, there is little or no indication that his difficulties had worsened since the time during which he was still productively employed. Perhaps more importantly, the medical records from the Army hospital fail to document the existence of any impairments which would have reasonably prevented performance of sedentary levels of exertion. Of course, Mr. Reedy did experience some early cardiovascular problems. However, it was not until 1984 that he first suffered a myocardial infarction. The court believes that the Secretary properly concluded that Mr. Reedy had not developed totally disabling physical limitations prior to that time.

The court recognizes that in separate reports, two of plaintiff's treating physicians have opined that Mr. Reedy is totally disabled. Dr. James G. Nuckolls treated plaintiff for both myocardial infarctions. In a report dated November 7, 1988, Dr. Nuckolls opined that plaintiff is totally disabled. However, Dr. Nuckolls offered no opinion as to Mr. Reedy's physical capacity on and before June 30, 1980. Indeed, Dr. Nuckolls did not first examine plaintiff until the spring of 1984. Thus, the court agrees that the Secretary properly discounted Dr. Nuckolls' opinion in assessing the issue of Mr. Reedy's entitlement to disability insurance benefits. In a letter dated August 28, 1989, Dr. N.H. Musselwhite stated that Mr. Reedy had been disabled since 1977 due to coronary insufficiency, peripheral vascular disease, and arthritis. The court notes that the Secretary is not strictly bound by Dr. Musselwhite's medical opinion. See 20 C.F.R. § 404.1527. Furthermore, Dr. Musselwhite identified no clinical signs, testing results, or objective manifestations which would support a finding of total disability. Most importantly, the court again notes that the medical records actually compiled during the crucial period of time failed to document the existence of any severe or disabling coronary insufficiency or peripheral vascular disease. Considering these circumstances, the court must conclude that the record supports the Secretary's decision not to adopt the opinion of Dr. Musselwhite.

In finding that Mr. Reedy was not disabled, the Secretary also relied on input from Mr. John Newman, a vocational expert. Given plaintiff's age, education, and prior work experience, and assuming a residual functional capacity for sedentary exertion, Mr. Newman indicated that Mr. Reedy could be expected to perform a wide variety of sedentary jobs. The court believes that Mr. Newman's analysis of the vocational factors, and the assumptions under which he deliberated, are both reasonable and consistent with the evidence of record.

The court also notes that while military doctors found Mr. Reedy to be unfit for military service, this determination is not binding for purposes of an application for disability insurance benefits. See 20 C.F.R. § 404.1504. In determining that plaintiff was physically unfit, the Army doctor specifically noted that Mr. Reedy was serving the Army well despite his particular combination of impairments. (TR 161). The Army doctor clearly stated that his assessment was based on various provisions of the military regulations dealing with such matters. (TR 161). The court again concludes that the Secretary's final decision in this matter is reasonable in light of the medical records which were actually compiled in Mr. Reedy's case on and before June 30, 1980. It follows that the Secretary's denial of benefits must be affirmed.

In affirming the Secretary's final decision, the court does not suggest that Mr. Reedy was free of all pain and discomfort during the period in which he still enjoyed insured status. Indeed, the medical record confirms that plaintiff was suffering from several very troublesome and worrisome problems during this period of time. Obviously, the amputation of plaintiff's lower left leg resulted in some limitations and restrictions. Furthermore, the court entertains no doubt that Mr. Reedy's hypertension, vision problems, routine activities.

However, it must be recognized that Mr. Reedy suffered from most of these same physical problems during the period in which he still engaged in regular work activity for the United States Army. While plaintiff's own testimony confirms the existence of much pain and discomfort, it is well established that the inability to do work without some subjective complaints does not of itself render a claimant totally disabled. *Emmette v. Richardson*, 337 F.Supp. 362 (W.D.Va.1971). The court believes that the Administrative Law Judge considered these subjective factors in concluding that Mr. Reedy was not disabled prior to the termination of his insured status. In short, the court finds all facets of the Secretary's final decision to be supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Secretary even if the court might resolve the conflicts differently. *Richardson v. Perales, supra; Oppenheim v. Finch*, 495 F.2d 396 (4th Cir.1974). For the reasons as stated, the court finds the Secretary's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Secretary must be affirmed. *Laws v. Celebrezze, supra.* An appropriate judgment and order will be entered this day.

FINAL JUDGMENT AND ORDER

For reasons stated in a memorandum opinion filed this day, summary judgment is hereby entered for the defendant and it is so

ORDERED.